UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARJIT SINGH,

Petitioner,

v.

PAM BONDI et al.,

Respondents.

No.  1:26-cv-00490-DAD-DMC

ORDER GRANTING IN PART PETITOINER'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER

(Doc. No. 1)

On January 19, 2026, petitioner filed an *ex parte* motion for temporary restraining order in the Northern District of California.  (Doc. No. 1.)  On January 21, 2026, this action was transferred to this district.  (Doc. No. 8.)  On the same day, the court issued an order directing respondents to "substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable."  (Doc. No. 11.)

In their opposition, respondents contend that this matter is distinguishable from *Ayala Cajina* because petitioner "has a removal order" and on January 20, 2026, after petitioner was re-detained, an Immigration Judge ("IJ") held in denying petitioner's request for a bond hearing that:

1

(1) petitioner is subject to mandatory detention under § 1225(b) which stripped the IJ of jurisdiction to provide petitioner with a bond hearing; and (2) alternatively, even if petitioner was entitled to a bond hearing, the IJ would deny bond on the grounds that petitioner poses a flight risk because his asylum application was denied and petitioner initially entered the U.S. without inspection. (Doc. Nos. 15 at 1; 15-6 at 1.) Respondents further argue that because petitioner entered the United States without inspection, he is an applicant for admission and is therefore mandatorily detained under § 1225(b)(2) of the Immigration and Nationality Act. (Doc. No. 15 at 4.) The court finds respondents' arguments in this regard to be unpersuasive.[1]

It is undisputed that petitioner was originally detained near the border on June 22, 2013, and on August 15, 2013 Department of Homeland Security ("DHS") released him from immigration custody on bond. (Doc. Nos. 1-2 at 2; 15-2 at 3.) Thereafter, petitioner filed for asylum, the withholding of removal, and deferral of removal. (Doc. No. 1-4 at 3.) On September 26, 2023, an IJ denied all of petitioner's applications and ordered him removed from the United States. (*Id.* at 2–3.) On October 10, 2023, petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). (*Id.* at 1.) As of December 11, 2025, petitioner's appeal is still pending before the BIA. (Doc. No. 15-2 at 2.)[2] Despite the pendency of his appeal, on December 11, 2025, petitioner was re-arrested by Immigration and Customs Enforcement ("ICE") officers at his residence, and has been held in custody since then.[3] (*Id.*)

/////

[1] Respondents further indicate in their opposition that they "do not oppose converting the motion for temporary restraining order into a motion for preliminary injunction." (Doc. No. 15 at 4.)

[2] Neither party has submitted any evidence indicating that petitioner's BIA appeal has been resolved.

[3] Respondents argue that ICE re-arrested petitioner as part of an anti-smuggling operation. (Doc. No. 15 at 2.) Respondents have cited to a declaration from Deportation Officer Samuel Medina in support of this assertion, but no such declaration is attached to respondents' opposition. The evidence before the court does reveal, however, that ICE officers traveled to petitioner's home on December 11, 2025, and after several hours of surveilling petitioner's home and communicating with him through his front door, arrested him outside of his home. (Doc. No. 15-2 at 2.) There is simply no evidence before the court revealing why petitioner was re-detained nor that he was informed of the reason for his re-detention.

First, petitioner is not subject to a final order of removal because the IJ's removal order is pending before the BIA on appeal and there is no indication when a decision on the appeal will be issued. *See Garcia v. Albarran*, No. 3:25-cv-10617, 2025 WL 3558838, at *1 (N.D. Cal. Dec. 12, 2025) (concluding that a petitioner is not subject to a final order of removal where they timely appeal an IJ's removal order to the BIA, are "still awaiting adjudication[,] and has no final set date for a decision[.]").

Additionally, because petitioner resided in the United States from 2013 to December 11, 2025 when he was re-detained, respondents' assertion that petitioner is subject to mandatory detention under § 1225(b)(2) is unsupported. *See Marin v. Andrews*, No. 1:25-cv-01422-SAB-HC, 2025 WL 3171484, at *6 (E.D. Cal. Nov. 13, 2025) ("District courts around the country have rejected the government's position that section 1225(b)(2) permits it to pursue mandatory detention against noncitizens who have not been lawfully admitted but have been present in the country for years.").

Finally, petitioner acquired a significant liberty interest in remaining out of custody when he was initially released by immigration authorities in 2013. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."). Respondents have not addressed petitioner's liberty interest their opposition to petitioner's pending motion.

Accordingly, for the reasons set forth in the court's prior order in *Ayala Cajina*, 2025 WL 3251083, at *2–6, petitioner's motion for temporary restraining order (Doc. No. 1), is converted into a motion for preliminary injunction, and granted as follows:

1.      Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions that he was subject to prior to his December 11, 2025 re-detention;

/////

/////

/////

3

2. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a pre-deprivation hearing before an immigration judge where respondents will have the burden of establishing that petitioner is a flight risk or danger to the community;

3. Under the circumstances of this case, petitioner will not be required to post a bond pursuant to Federal Rule of Civil Procedure 65(c);

4. Petitioner's motion for a temporary restraining order requesting that the court enjoin respondents from removing petitioner from the United States during the pendency of his proceedings is DENIED without prejudice to renewal if such issue becomes ripe for review;

5. Petitioner's motion for a temporary restraining order requesting that the court enjoin respondents from transferring petitioner out of the Eastern District of California or to any other detention facility is DENIED as having been rendered moot by this order; and

6. This matter is referred to Magistrate Judge Dennis M. Cota for further proceedings on the underlying petition.

IT IS SO ORDERED.

Dated:   **January 28, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE