UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARJIT SINGH,

          Petitioner,

    v.

PAM BONDI, et. al.,

          Respondents.

No.  1:26-cv-00490-DAD-DMC-HC

FINDINGS AND RECCOMENDATIONS

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

Petitioner asserts he was denied due process when he was re-detained on December 11, 2025, without notice or a pre-deprivation bond hearing. See ECF No. 1, pg. 2. The District Judge directed Respondents to address whether there were any factual or legal issues in this case that rendered it distinguishable from the Court's prior decision in Ayala Cajina v. Wofford, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases previously decided by the court. See ECF No. 11.

Respondents filed an opposition to the motion for a temporary restraining order, asserting this case is distinguishable from Ayala Cajina. See ECF No. 15. On January 28, 2026, the Court converted the motion for temporary restraining order into a motion for preliminary

1

injunction and granted the motion. See ECF No. 17, pg. 3. In granting the preliminary injunction, the Court found that Petitioner was "not subject to a final order of removal because the IJ's removal order" was still pending, with no indication as to when a decision would be issued. Id. Additionally, the Court found that because Petitioner had remained in the United States from 2013 to 2025, when he was re-detained, "respondents' assertion that petitioner is subject to mandatory detention under § 1225(b)(2) is unsupported." Id. Finally, the Court found that Petitioner had "acquired a significant liberty interest in remaining out of custody when he was initially released by immigration authorities in 2013." Id. The Court adopted the reasoning in Ayala Cajina and ordered:

> 1. Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions that he was subject to prior to his December 11, 2025 re-detention;
>
> 2. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a pre-deprivation hearing before an immigration judge where respondents will have the burden of establishing that petitioner is a flight risk or danger to the community;
>
> 3. Under the circumstances of this case, petitioner will not be required to post a bond pursuant to Federal Rule of Civil Procedure 65(c);
>
> 4. Petitioner's motion for a temporary restraining order requesting that the court enjoin respondents from removing petitioner from the United States during the pendency of his proceedings is DENIED without prejudice to renewal if such issue becomes ripe for review;
>
> 5. Petitioner's motion for a temporary restraining order requesting that the court enjoin respondents from transferring petitioner out of the Eastern District of California or to any other detention facility is DENIED as having been rendered moot by this order; and
>
> 6. This matter is referred to Magistrate Judge Dennis M. Cota for further proceedings on the underlying petition.
>
> Id.

Respondents were directed to file an answer and Petitioner was permitted to file a reply/traverse, ECF No. 18, parties timely filed, ECF Nos. 19 and 20. In their answer, Respondents assert that the "preliminary injunction may conflict with these statutory requirements." ECF No. 19, pg. 1. Respondents request that, if the petition is granted, the Court include language explicitly permitting Petitioner's detention for the purpose of executing a final

order of removal, specifically:

> Respondents are not enjoined and restrained from detaining Petitioner if the Petitioner receives a final order of removal and the Petitioner receives notice of this order. In such an event, Respondents may detain Petitioner for the sole and limited purpose of executing removal pursuant to the final order of removal.

> Id. at 2.

> Petitioner argues such language is not necessary because

> Petitioner's BIA appeal remains pending, his present detention arises under the pre–final-order framework of 8 U.S.C. §§ 1225 and 1226, not 8 U.S.C. § 1231, and Respondents' requested clarification therefore concerns hypothetical future custody, is not ripe for adjudication, and is unnecessary to resolve the present Petition and motion. At a minimum, any such language must be narrowly drawn, cannot be construed to authorize or bless future.

> ECF No. 20, pg. 2.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 17, and in other cases, see Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866  (E.D. Cal. Jan. 15, 2026), report and recommendation adopted, No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864 (E.D. Cal. Feb. 5, 2026) that Petitioner's detention is governed by §1226 and his re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted.

The undersigned declines to recommend that the District Judge add the clarifying language sought by Respondents, finding Petitioner's argument persuasive. The undersigned's recommendation is predicated on finding that Petitioner's detention is governed by §1226 and a final order of removal would necessarily shift Respondents' authority to detain Petitioner under the statute. As Petitioner states, Petitioner is not currently subject to a final order of removal and the Court is considering Petitioner's current situation, not future, potential circumstances.

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 2, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 30, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4